# EXHIBIT A

1  JAMIR DAVIS, ESQ. SBN 98041 - PRO HAC VICE (APPLICATION PENDING)

2  **J. DAVIS LAW FIRM, PLLC**
   106 WINGING WAY UNIT C

3  COVINGTON, KY 41011
   TELE: 859-750-5033

4  JDAVISLAWKY@GMAIL.COM

5  MICHAEL R. SEVILLE, ESQ. SBN 278164

6  CURTIS L. BRIGGS, ESQ. SBN 284190
   **SEVILLE BRIGGS, LLP**

7  3330 GEARY BLVD. 3RD FLOOR, EAST
   SAN FRANCISCO, CA 94118

8  TELE: 415-324-8733
   MICHAEL@SEVILLEBRIGGS.COM

9  CURTIS@SEVILLEBRIGGS.COM

10  ATTORNEYS FOR PLAINTIFF

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             FOR THE COUNTY OF CONTRA COSTA

14

15  MARRIYANNA BRYANT,                  ) CASE NO.:
                                        )
16  Plaintiff,                          )
                                        ) **PLAINTIFF'S COMPLAINT FOR**
17      vs.                             ) **DAMAGES:**
                                        )
18  CITY OF ANTIOCH, a municipal corporation;  ) 1. **GENERAL NEGLIGENCE**
    ROBERT JOSEPH GERBER, as an individual     ) 2. **NEGLIGENT HIRING,**
19  and in his official capacity; ERIC MCMANUS, )    **SUPERVISION AND RETENTION,**
    as an individual and in his official capacity;  ) 3. **NEGLIGENT ENTRUSTMENT OF**
20  JASON VANDERPOOL, as an individual and      )    **MOTOR VEHICLE,**
    in his official capacity; and DOES 1 through 20,  ) 4. **VIOLATION OF TITLE 42 USC §**
21  inclusive,                          )    **1983, FOURTH AND FOURTEENTH**
                                        )    **AMMENDMENT,**
22                                      ) 5. **MONELL CLAIM: 42 USC § 1983,**
                                        ) 6. **INTENTIONAL INFLICTION OF**
23                                      )    **EMOTIONAL DISTRESS**
    Defendants.                         ) 7. **NEGLIGENT INFLICTION OF**
24                                      )    **EMOTIONAL DISTRESS**
                                        ) 8. **VIOLATION OF BANE ACT (CAL**
25                                      )    **CIV CODE §52.1**
    _____ )
26                                        **DEMAND FOR JURY TRIAL**
    //
27

28

                                    - 1 -

All allegations in this Complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation and discovery. Plaintiff, MARRIANA BRYANT, makes the following allegations against Defendants, CITY OF ANTIOCH, ROBERT GERBER, ERIC MCMANUS, JASON VANDERPOOL, and DOES 1 through 20, inclusive:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure section 410.10.

2. Venue is proper in the County of Contra Costa pursuant to California Code of Civil Procedure section 395(a) because Plaintiffs' injuries occurred in the City of Antioch, in Contra Costa County, in the State of California.

## GOVERNMENT CLAIM

3. On April 2, 2020, pursuant to Cal. *Govt. Code* §§ 905, 905.2, 910, 910.2, a Government Claims Form was submitted on behalf of Plaintiff, MARIYANNA BRYANT.

4. On July 28, 2020 the City of Antioch Rejected the Government Claim.

5. On August 4, 2020 the City of Antioch notified Plaintiff that it rejected her claim.

## PARTIES

6. Plaintiff, MARIYANNA BRYANT ("PLAINTIFF") is an individual who at all times mentioned in this Complaint was a resident of Antioch, California.

7. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant, THE CITY OF ANTIOCH ("Defendant CITY") was a public entity.

8. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant ROBERT JOSEPH GERBER ("Defendant DRIVER") was an agent, servant,

1   employee or a person authorized to drive Defendant CITY'S vehicle. DRIVER is being
2   named in his individual and official capacity.
3   9.   Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein
4        Defendant ERIC MCMANUS ("Defendant OFFICER 1") was an agent, servant, employee
5        or a person authorized to prepare police reports on behalf of CITY'S police department.
6        OFFICER 1 is being named in his individual and official capacity.
7
8   10. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein
9        Defendant JASON VANDERPOOL ("Defendant OFFICER 2") was an agent, servant,
10       employee or a person authorized to prepare and review CITY'S police reports. OFFICER 2
11       is being named in his individual and official capacity.
12   11. The true names and capacities, whether individual, corporate, associate or otherwise, of
13        Defendants DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff, who
14        therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes,
15        and thereon alleges that each of the Defendants fictitiously named herein as a DOE is
16        legally, negligently or in some other actionable manner, responsible for the events and
17        happenings referred to, and thereby directly and/or proximately caused the injuries to
18        Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint
19        and state the true names and/or capacities of said fictitiously named Defendants when the
20        same has been ascertained.
21
22   12. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein
23        Defendants, and each of them, including DOES 1 through 20, inclusive, and each of them,
24        were the agents, servants, employees and/or joint venturers of their co-defendants, and each
25        was, as such, acting within the course, scope and authority of said agency, employment
26        and/or venture.
27

28

## FACTUAL BACKGROUND

13. On October 7, 2019, at or around 4:00 p.m., PLAINTIFF was driving South on Auto Center Drive, City of Antioch, California, and was at the intersection of Century Boulevard.

14. At the same time, Defendant DRIVER, was at red-light in an unmarked Defendant CITY owned Antioch Police Department vehicle in the second turning lane facing Eastbound on Century Boulevard.

15. As the light just turned yellow for PLAINTIFF'S side of the road, PLAINTIFF proceeded to cross the intersection, when suddenly and without warning, Defendant DRIVER, who was driving unmarked Antioch Police Department vehicle, came out of nowhere and collided into the right rear passenger side of PLAINTIFF'S vehicle.

16. Defendant DRIVER, who was stopped at a red light attempted turn right against his red light and misjudged his start. As a result, the Defendant DRIVER, who was accelerating at a high and reckless rate of speed, negligently, recklessly and carelessly caused the collision of the two vehicles by impacting the rear passenger sided of the PLAINTIFF'S vehicle.

17. In an attempt to cover up the facts of the incident Defendant DRIVER then purposefully failed to follow protocol. Defendant DRIVER did not dispatch police units but instead called his direct supervisor to the scene via his cell phone.

18. Defendant DRIVER'S direct supervisor was the only officer to report to the scene.

19. Upon Defendant DRIVER'S supervisor arriving, PLAINTIFF heard the supervisor say to Defendant DRIVER, "[W]hat did you do this time?" Defendant DRIVER responded with a nonchalant smile.

20. Defendant DRIVER then fabricated a story about PLAINTIFF running a red light.

21. Shortly there after an ambulance was called to the scene to treat PLAINTIFF and PLAINTIFF heard one of the Emergency Medical Technician's ask Defendant DRIVER "You again, what happened now?"

22. PLAINTIFF was then rushed to the hospital.

23. PLAINTIFF suffered a broken clavicle bone, fractured ribs, back injuries, a neck injury and a hip injury as a direct and proximate cause of Defendant DRIVER'S negligent act.

24. PLAINTIFF suffered tremendous emotional and physical harm that could have been prevented if Defendant CITY hadn't acted negligently, recklessly, and carelessly by allowing Defendant DRIVER to use its vehicle.

25. Defendant OFFICER 1 then purposefully produced a fraudulent police report which misstated facts and included a diagram that misrepresented the collision. The fraudulent report placed PLAINTIFF at fault.

26. Defendant OFFICER 2 reviewed and approved the fraudulent report without investigating the facts of the accident.

27. Defendant CITY then delayed the release of the report in attempt to hide and withhold evidence. PLAINTIFF was harmed by this act because she was unable to recover for her injuries. Defendant CITY finally released the police report on February 4, 2020.

28. Defendant CITY then allowed Defendant OFFICER 1 and Defendant OFFICER 2 to forward the fraudulently produce report to PLAINTIFF and her insurance company.

29. PLAINTIFF suffered tremendous emotional harm that could have been prevented if Defendant CITY hadn't allowed its officers to interfere with PLAINTIFF'S right to proceed and recover in from an insurance claim, which cause economic harm.

## FIRST CAUSE OF ACTION

## GENERAL NEGLIGENCE

### (By Plaintiff Against Defendant CITY and Defendant DRIVER)

30. PLAINTIFF repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

31. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

32. Defendant DRIVER, who was driving a City of Antioch Police Department vehicle so negligently operated, maintained and/or controlled his vehicle by failing to give PLAINTIFF her right of way as she was legally proceeding through a traffic signal. This act by Defendant DRIVER so caused CITY's vehicle to violently collide into the side of PLAINTIFF's vehicle at a high rate of speed, causing substantial damages and serious injuries to PLAINTIFF.

33. Plaintiff is informed and believes, and thereon alleges that at all times relevant herein Defendant DRIVER, who was driving Defendant CITY's vehicle was an agent, servant, employee and/or joint venturer of Defendant CITY, acting within the course and scope of his employment.

34. As a result, Defendant CITY, and DOES 1 through 20 are vicariously liable for the injuries to PLAINTIFF arising from Defendant DRIVER's negligent acts.

35. As a direct and proximate result of these acts of negligence, carelessness, and recklessness by Defendants, and each of them, and the resulting collisions as previously alleged, PLAINTIFF was injured in her health, strength, and activity, sustained injury to her body and shock and injury to her nervous system and persons, and sustained personal injuries, all

PLAINTIFF'S COMPLAINT FOR DAMAGES

of which has caused and continues to cause PLAINTIFF great mental, physical, and nervous

pain and suffering. These injuries are all included in PLAINTIFF's general damages.

36. As a further direct and proximate result of the negligence, carelessness, unlawfulness, and

recklessness of the Defendants, and each of them, PLAINTIFF necessarily employed

physicians for medical examination, treatment, and care of these injuries, and incurred

medical and incidental expenses and will have to incur additional like expenses in the future,

all in amounts presently unknown to them. PLAINTIFF will seek leave of court to amend

this Complaint when such damages are ascertained or will prove such damages at the time of

trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

**(By Plaintiff Against Defendant CITY and DOES 1 through 20)**

37. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1

through 36, inclusive, of this Complaint, and by this reference incorporates the same into

this cause of action herein.

38. The present action is brought pursuant to §§ 820 and 815.2 of the California Government

Code. Pursuant to § 820 of the California Government Code, as public employees, the

individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts

or omissions to the same extent as a private person. At all times mentioned herein, the

individually named defendant's and DOES 1-20 were acting within the course and scope of

their employment and/or agency with CITY, Defendant CITY is liable in *respondeat*

*superior* for the injuries caused by the acts and omissions of the individually named

defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

- 7 -
PLAINTIFF'S COMPLAINT FOR DAMAGES

39. Defendant DRIVER, who was driving Defendant CITY's vehicle was unfit and/or incompetent to perform the work for which he was hired to do, which included the operation of a motor vehicle.

40. Defendant CITY, in the exercise of reasonable care, knew or should have known that Defendant DRIVER, who was driving CITY's vehicle was unfit and/or incompetent, and that this particular unfitness and/or incompetence created a particular risk of harm to others, including and particularly those upon the roadway, such as PLAINTIFF.

41. The negligent acts of Defendant DRIVER, who was driving CITY'S vehicle, in the operation, maintenance and/or control of his vehicle, resulting from his unfitness and/or incompetence, harmed PLAINTIFF.

42. Defendant CITY's negligence in hiring, supervising and/or retaining Defendant DRIVER, who was driving CITY's vehicle, was a substantial factor in causing PLAINTIFF harm.

43. As a result, Defendant CITY is responsible for said harm to PLAINTIFF because Defendant CITY negligently hired, supervised and/or retained Defendant DRIVER.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE

**(By Plaintiffs Against Defendant CITY and DOES 1 through 20)**

44. Plaintiffs repeats and re-allege each and all of the allegations contained in paragraphs 1 through 43, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

45. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the

- 8 -
PLAINTIFF'S COMPLAINT FOR DAMAGES

individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

46. As herein alleged, Defendant DRIVER, who was driving CITY's vehicle, was negligent in the operation, maintenance and/or control of his vehicle by violently and forcefully colliding into the left side of PLAINTIFF'S vehicle, as Defendant DRIVER was not paying attention, failed to stop at a red traffic signal and traveling at unsafe speeds in violation of Cal. *Vehicle Code* § 22350 and § 214530(a).

47. At all times herein mentioned Defendant CITY was the registered owner of the vehicle operated by Defendant DRIVER.

48. At all times herein mentioned Defendant CITY knew, or in the exercise of reasonable care should have known, that Defendant DRIVER was incompetent and/or unfit to operate the vehicle entrusted to him.

49. Defendant CITY was therefore negligent as to permit Defendant DRIVER to operate the vehicle that collided into PLAINTIFF's vehicle.

50. As a direct and proximate result of these acts of negligence, carelessness, and recklessness by Defendants, and each of them, and the resulting collisions as previously alleged, PLAINTIFF was injured in her health, strength, and activity, sustained injury to her body and shock and injury to her nervous system and person, and sustained personal injuries, all of which had caused and continues to cause PLAINTIFF great mental, physical, and nervous pain and suffering. These injuries are all included in PLAINTIFF's general damages.

51. As a further direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, PLAINTIFF necessarily employed physicians for medical examination, treatment, and care of these injuries, and incurred

medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to them. PLAINTIFF will seek leave of court to amend this Complaint when such damages are ascertained or will prove such damages at the time of trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**VIOLATION OF TITLE 42 USC § 1983, FOURTH AND FOURTEENTH AMMENDMENT**

**(Deliberated Fabrication of Evidence in Violation of Due Process)**

**(By Plaintiff Against All Defendants and DOES 1 through 20)**

52. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1 through 51, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

53. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

54. Defendants' above described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendments to the United States Constitution. The Fourth Amendment guarantees PLAINTIFF to be free from governmental interference with his right to procedural due process that is fundamentally fair. The Fourteenth Amendment guarantees PLAINTIFF to be free from governmental interference with his right to

- 10 -

substantive due process, which includes egregious conduct by government agencies and

persons acting under the color of the law.

55. PLAINTIFF was forced to endure great pain and suffering because of Defendant CITY'S,

Defendant DRIVER, Defendant OFFICER 1 and Defendant OFFICER 2 and DOES 1-20

conduct.

56. All Defendants acted under color of law by maliciously fabricating and deliberately

interfering with PLAINTIFF'S right to recover under insurance policies.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### MONELL CLAIM 42 USC § 1983,

### (By Plaintiff Against Defendant CITY)

57. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1

through 56, inclusive, of this Complaint, and by this reference incorporates the same into

this cause of action herein.

58. The present action is brought pursuant to §§ 820 and 815.2 of the California Government

Code. Pursuant to § 820 of the California Government Code, as public employees, the

individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts

or omissions to the same extent as a private person. At all times mentioned herein, the

individually named defendant's and DOES 1-20 were acting within the course and scope of

their employment and/or agency with CITY, Defendant CITY is liable in *respondeat*

*superior* for the injuries caused by the acts and omissions of the individually named

defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

59. Defendant City had a duty to adequately train supervise and discipline its officers in order to

protect members of the public, including PLAINTIFF, from being harmed unnecessarily.

60. Defendant City was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein.

61. PLAINTIFF is informed and believes Defendant CITY has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the Police Department itself seems uninterested in complying with the state statues.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against All Defendants and DOES 1 through 20)

62. PLAINTIFF repeats and realleges each and all of the allegations contained in paragraphs 1 through 56, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

63. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

64. Defendant's conduct, as described above, was extreme, wanton, and outrageous and violates the morals of society by violating the entrustment the community grants to public safety officers and their employers.

65. Defendant's conduct was intended to cause, and did cause, PLAINTIFF emotional distress and Defendant's acted with a reckless disregard to the probability that PLAINTIFF would suffer emotional distress due to their actions.

66. PLAINTIFF suffered severe emotional distress including but not limited to the development of emotional and mental distress that has plagued her since the incident and will continue to plague her for the rest of her life.

67. Defendant was a substantial factor in causing PLAINTIFF's severe emotional distress.

68. As a direct and proximate result of the tortious, unlawful and wrongful acts and conduct of the Defendant's, PLAINTIFF has suffered past and future special damage and past and future general damages in an amount according to proof at trial. PLAINTIFF has been damaged physically, emotionally, mentally and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income and enjoyment of life.

69. In engaging in the conduct as hereinabove alleged, Defendant acted with malice, fraud, and oppression and/or in conscious disregard of PLAINTIFF's health, rights, and well-being, and intended to subject PLAINTIFF to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant.

WHEREFORE, PLAINTIFF prays for relief hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against All Defendants and DOES 1-20)

70. PLAINTIFF repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 69, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

71. The present action is brought pursuant to §§ 820 and 815.2 of the California Government

- 13 -

Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

72. Defendant's owed a duty to use reasonable care in their conduct with regard to the health, safety, and rights of PLAINTIFF. It was foreseeable and probable that PLAINTIFF would suffer severe emotional distress from Defendant's conduct.

73. Defendants were negligent by breaching the duty of care owed to PLAINTIFF when Defendant's engaged in the conduct alleged in the Complaint.

74. PLAINTIFF suffered severe emotional distress.

75. Defendant was a substantial factor in causing PLAINTIFF's severe emotional distress.

76. As a direct and proximate result of the tortious, unlawful and wrongful acts and conduct of the Defendant's, PLAINTIFF has suffered past and future special damages and past and future general damages in an amount according to proof at trial. PLAINTIFF has been damaged physically, emotionally, and financially, including but not limited to suffering from pain, anxiety, depression, emotional distress, and ridicule, as well as loss of health, income and enjoyment of life.

77. In engaging in the conduct as hereinabove alleged, Defendant's acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights and wellbeing, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BANE ACT CAL. CIV. CODE §52.1

### (By Plaintiff Against All Defendants and DOES 1-20)

78. PLAINTIFF repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 77, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

79. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, the individually named Defendant's and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, the individually named defendant's and DOES 1-20 were acting within the course and scope of their employment and/or agency with CITY, Defendant CITY is liable in *respondeat superior* for the injuries caused by the acts and omissions of the individually named defendant's and DOES 1-20 pursuant to § 815.2 of the California Government Code.

80. Defendant's and DOES 1-20 intentionally threatened and interfered with PLAINTIFF's state and federal statutory and Constitutional rights.

81. PLAINTIFF's rights which were interfered with include, but are not limited to: right to association, right to be free from coercion, due process, privacy, travel and protection from bodily harm.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;

2. For punitive damages according to proof;

3. For medical, hospital, and incidental expenses according to proof;

- 15 -

4.  For loss of earnings and loss of earning capacity according to proof;

5.  For reasonable attorney fees;

6.  For costs of suit herein incurred; and

7.  For such other and further relief as the Court may deem proper.

DATED: October 20, 2020

By: _____
Michael Seville, Partner
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Marriyanna Bryant hereby demands a trial by jury.

Dated: October 13, 2020

SEVILLE BRIGGS LLP

By:_____
Michael Seville, Partner
Attorney for Plaintiff