# EXHIBIT B

[Exempt from payment of filing fees
(Government Code § 6103)]

LOUIS A. LEONE, ESQ. (SBN 099874)
BRIAN A. DUUS, ESQ.. (SBN 263403)
IOANA R. BURSON, ESQ. (SBN 209471
**LEONE & ALBERTS**
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone:  (925) 974-8600
Facsimile:  (925) 974-8601
Emails:  bduus@leonealberts.com
iburson@leonealberts.com

Attorneys for Defendant
CITY OF ANTIOCH

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| MARRIYANNA BRYANT,<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY OF ANTIOCH, a municipal corporation; ROBERT JOSEPH GERBER, as an individual and in his official capacity; ERIC MCMANUS, as an individual and in his official capacity; JASON VANDERPOOL, as an individual and in his official capacity; and DOES 1 through 20, inclusive,<br><br>     Defendants. | **Case No.:  C20-02173**<br>**[Assigned for All Purposes to Hon. Steven Austin, Department 33]**<br><br>**DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: October 20, 2020<br>Trial Date:  Not Yet Set |

   Comes now DEFENDANT CITY OF ANTIOCH ("DEFENDANT" or "CITY") to answer the Complaint of PLAINTIFF MARRIYANNA BRYANT ("PLAINTIFF"), on file herein, and DEFENDANT admits, denies, and alleges as follows:

**GENERAL DENIAL**

   Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, DEFENDANT denies each and every, all and singular, generally and

specifically, the allegations contained in said Complaint, and further denies that PLAINTIFF has been damaged in any sum or sums, or at all, by reason of any act or omission on the part of this answering DEFENDANT.

DEFENDANT asserts the following Affirmative Defenses and reserves the right to supplement the Affirmative Defenses in the course of this proceeding:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

1. DEFENDANT alleges and avers that PLAINTIFF'S Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred by all applicable statutes of limitations including, but not limited to, Cal. Gov't Code § 945.6 and Cal. Code Civ. Proc. §§ 335, et seq.

## THIRD AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

3. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Negligent/Culpable Conduct of Others)

5. DEFENDANT alleges and avers that the injuries and damages sustained by PLAINTIFF, if any, were caused in whole or in part by the negligent and/or culpable conduct of others, for which DEFENDANT is not liable.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred in whole or in part by PLAINTIFF'S failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

7. DEFENDANT alleges and avers that PLAINTIFF was partially, if not wholly, negligent or otherwise at fault and is barred from recovery for that portion of the damages directly attributable to PLAINTIFF'S proportionate share of negligence or fault under the doctrine of comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

(Governmental Immunities/Defenses)

8. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred in whole or in part because all actions and conduct by DEFENDANT and its agents or employees were justified and subject to governmental immunities and defenses, including but not limited to the immunities and defenses arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under Government Code Sections 810, *et seq.* including, but not limited to, Sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, 822.2, 830.6, 835.4, and 845.6.

## NINTH AFFIRMATIVE DEFENSE

(Misjoinder of Parties)

9. DEFENDANT alleges and avers that there is a defect or misjoinder of parties under Code of Civil Procedure Section 430.10(d). Specifically, PLAINTIFF failed to join all parties necessary for final determination of this action.

///

///

///

### TENTH AFFIRMATIVE DEFENSE

(Proposition 51)

10. DEFENDANT alleges and avers that the provisions of the Fair Responsibility Act of 1986 (commonly known as Proposition 51, Civil Code Sections 1430 – 1432) are applicable to this action to the extent that PLAINTIFF'S injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than this DEFENDANT.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Claim Statute)

11. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred by PLAINTIFF'S failure to comply with the California Tort Claims Act, Government Code section 905, *et seq.*, claims presentation requirements in that PLAINTIFF failed to timely present a claim asserting all causes of action and/or all factual and legal bases for liability asserted in the Complaint, and/or failed to timely file suit following the denial of said claim. Moreover, all causes of action, factual and/or legal allegations asserted in the Complaint that were not asserted in any claim presented by PLAINTIFF are barred under the California Tort Claims Act.

### TWELFTH AFFIRMATIVE DEFENSE

(Privilege)

12. DEFENDANT alleges and avers that PLAINTIFF'S Complaint is barred because DEFENDANT'S conduct was privileged and/or justified.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Lawful Conduct)

13. DEFENDANT alleges and avers that its conduct and that of its officials, employees, and or agents were at all times reasonable and lawful under the circumstances.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

(Apportionment of Fault)

14.     DEFENDANT alleges and avers that parties other than this DEFENDANT caused or contributed to the damages PLAINTIFF claims to have suffered. Therefore, any award made in favor of PLAINTIFF must be divided between the responsible parties so that each pays only his, her or its fair share in relationship to his, her or its amount of fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

15.     DEFENDANT alleges and avers that PLAINTIFF had no clearly established statutory or constitutional rights of which DEFENDANT knew, or should have known, which required DEFENDANT to act differently or to direct their subordinates to act differently, and therefore DEFENDANT is immune from PLAINTIFF'S allegations and causes of action, and from liability under the doctrine of qualified immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Constitutional Violation)

16.     DEFENDANT alleges and avers that DEFENDANT and its officers, agents or employees held a good faith and reasonable belief at all times in connection with the matters alleged herein that their actions and their subordinates' actions did not violate any established constitutional right.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Defenses Unknown)

17.     DEFENDANT presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  DEFENDANT reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

///

# PRAYER FOR RELIEF

WHEREFORE, this answering DEFENDANT prays that PLAINTIFF take nothing by the Complaint and that this answering DEFENDANT be dismissed with costs of suit incurred herein and for such other and further relief as the Court deems fit and proper, including but not necessarily limited to defense costs including attorney's fees pursuant to Code of Civil Procedure Section 1038.

Dated:  January 22, 2021                **LEONE & ALBERTS**

_____
BRIAN A. DUUS, ESQ.
IOANA R. BURSON, ESQ.
Attorneys for Defendant
CITY OF ANTIOCH

Re: **Bryant v. City of Antioch**
**Contra County Superior Court Case No.: C20-02173**

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Concord, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 1390 Willow Pass Road, Suite 700, California.

On January 22, 2021, I served the following documents:

**1. DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the following interested party(s) in said cause:

| **PLAINTIFF'S COUNSEL** | **PLAINTIFF'S COUNSEL** |
|---|---|
| Jamir Davis, Esq. | Michael R. Seville, Esq. |
| J. Davis Law Firm, PLLC | Curtis L. Briggs, sq. |
| 106 Winging Way Unit C | Seville Briggs, LLP |
| Covington, KY 41011 | 3330 Geary Blvd. 3rd Floor, East |
| Tel: (859) 750-5033 | San Francisco, CA 94118 |
| Email: JDAVISLAWKY@Gmail.com | Tel: (415) 324-8733 |
|  | Email: Michael@sevillebriggs.com |
|  | Curtis@sevillebriggs.com |

**VIA MAIL - CCP §§ 1013(a), 2015.5**

☒ By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Antioch, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Walnut Creek, California.

**VIA OVERNIGHT MAIL/COURIER - CCP §§ 1031(c), 2015.5**

☐ By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier

to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA ELECTRONIC MAIL TRANSMISSION - CCP §1010.6(a)(6), CRC 2060(a)(2)(b)**

☐ Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission at the following addresses: I caused the documents to be sent to the persons at the e-mail addresses listed above prior to 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**VIA FACSIMILE - CCP §§ 1013(e), CRC 2008**

☐ By arranging for facsimile transmission from facsimile number 925-974-8601 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

**VIA HAND-DELIVERY - CCP §§ 1011, 2015.5**

☐ By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day by D&T Services in the ordinary course of my firm's business practice.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 22, 2021, at Antioch, California.

_____
JAVON WILSON

PROOF OF SERVICE