JAMIR DAVIS, Esq. SBN 98041 – PRO HAC VICE (APPLICATION)
**J. DAVIS LAW FIRM, PLLC**
106 WINGING WAY UNIT C
COVINGTON, KY 41011
TELE: 859-750-5033
JDAVISLAWKY@GMAIL.COM

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS, Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 GEARY BLVD. 3RD FLOOR, EAST
SAN FRANCISCO, CA 94118
TELE: 415-324-8733
MICHAEL@SEVILLEBRIGGS.COM
CURTIS@SEVILLEBRIGGS.COM

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| MARIYANNA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, ROBERT JOSEPH GERBER, ERIC MCMANUS, JASON VANDERPOOL and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 3:21-cv-00590-EMC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:**<br>1. **GENERAL NEGLIGENCE**<br>2. **NEGLIGENT HIRING, SUPERVISION AND RETENTION**<br>3. **NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE**<br>4. **VIOLATION OF TITLE 42 USC § 1983, FOURTH AND FOURTEENTH AMMENDMENT DUE PROCESS,**<br>5. **MONELL CLAIM: 42 USC § 1983.**<br><br>**DEMAND FOR JURY TRIAL** |

## **FIRST AMENDED COMPLAINT**

All allegations in this Complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after reasonable opportunity for

further investigation and discovery. Plaintiff, MARRIANA BRYANT, makes the following allegations against Defendants, CITY OF ANTIOCH, ANTIOCH POLICE DEPTARTMENT, and DOES 1 through 20, inclusive:

## JURISDICTION AND VENUE

1. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Antioch California, which is within this judicial district. Title 28 of the United States Code Section 1391 confers venue upon this Court.

## GOVERNMENT CLAIM

2. On April 2, 2020, pursuant to Cal. *Govt. Code* §§ 905, 905.2, 910, 910.2, a Government Claims Form was submitted on behalf of Plaintiff, MARIYANNA BRYANT.

3. On July 28, 2020 the City of Antioch Rejected the Government Claim.

4. On August 4, 2020 the City of Antioch notified Plaintiff that it rejected her claim.

## PARTIES

5. Plaintiff, MARIYANNA BRYANT ("PLAINTIFF") is an individual who at all times mentioned in this Complaint was a resident of Antioch, California.

6. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant, THE CITY OF ANTIOCH ("Defendant CITY") was a public entity.

7. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant ROBERT JOSEPH GERBER ("Defendant DRIVER") was an agent, servant, employee or a person authorized to drive Defendant CITY'S vehicle. DRIVER is being named in his individual and official capacity.

8. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant ERIC MCMANUS ("Defendant OFFICER 1") was an agent, servant, employee or a person authorized to prepare police reports on behalf of CITY'S police department. OFFICER 1 is being named in his individual and official capacity.

9. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendant JASON VANDERPOOL ("Defendant OFFICER 2") was an agent, servant, employee or a person authorized to prepare and review CITY'S police reports. OFFICER 2 is being named in his individual and official capacity.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 20, inclusive, and each of them, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believe, and thereon allege that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings referred to, and thereby directly and/or proximately caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same has been ascertained.

11. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein Defendants, and each of them, including DOES 1 through 20, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture.

**FACTUAL BACKGROUND**

12. The City refuses to discipline its officer when they violate constitutionally established policy because the City does not want it to disrupt its culture, which allows its agents to act with impunity.

13. PLAINTIFF is a hardworking and friendly young adult who is identifiable as African American.

14. On October 7, 2019, at or around 4:00 p.m., PLAINTIFF was driving South on Auto Center Drive, City of Antioch, California, and was at the intersection of Century Boulevard.

15. At the same time, Defendant DRIVER, was at red-light in an unmarked Defendant CITY owned Antioch Police Department vehicle, which belonged to his direct supervisor, in the second turning lane facing Eastbound on Century Boulevard.

16. As the light just turned yellow for PLAINTIFF'S side of the road, PLAINTIFF proceeded to cross the intersection, when suddenly and without warning, Defendant DRIVER, who was driving an unmarked Antioch Police Department vehicle, came out of nowhere and collided into the right rear passenger side of PLAINTIFF'S vehicle.

17. Defendant DRIVER, who was stopped at a red light attempted turn right against his red light and misjudged his start. As a result, the Defendant DRIVER, who was traveling at a high rate of speed, negligently, recklessly, and carelessly caused the collision of the two vehicles by impacting the rear passenger sided of the PLAINTIFF'S vehicle.

18. Defendant DRIVER, seeing that PLAINTIFF and all of her passengers were young and African American, decided not to follow protocol in an attempt to cover up the facts of the accident in which he was at fault.

19. Defendant DRIVER then purposefully denied PLAINTIFF and her passengers police services by failing to dispatch police units but instead called his direct supervisor to the scene via his cellular telephone.

20. Defendant DRIVER'S direct supervisor was the only officer to report to the scene.

21. Upon Defendant DRIVER'S supervisor arriving PLAINTIFF heard the supervisor say to Defendant DRIVER, "What did you do this time?" Defendant DRIVER responded with a nonchalant smile.

22. Defendant DRIVER then fabricated a story about PLAINTIFF running a red light.

23. Shortly there after an ambulance was called to the scene to treat PLAINTIFF and PLAINTIFF heard one of the Emergency Medical Technician's ask Defendant DRIVER, "You again, what happened now?"

24. PLAINTIFF was then rushed to the hospital.

25. PLAINTIFF suffered a broken clavicle bone, fractured ribs, back injuries, a neck injury, and a hip injury as a direct and proximate cause of Defendant DRIVER'S negligent act.

26. PLAINTIFF suffered tremendous emotional and physical harm that could have been prevented if Defendant CITY hadn't acted negligently, recklessly, and carelessly by allowing Defendant DRIVER to use its vehicle.

27. Defendant OFFICER 1 failed to properly investigate the matter in accordance with Defendant City policy and never contacted PLAINTIFF to question her about the accident or the sequence of events leading up to the accident.

28. Defendant CITY did not discipline or investigate the actions of Defendant OFFICER 1.

29. Defendant OFFICER 1 then purposefully produced a fraudulent police report which misstated facts and included a diagram that misrepresented the collision. The fraudulent report placed PLAINTIFF at fault.

30. Defendant OFFICER 2 reviewed and approved the fraudulent report without investigating the facts of the accident.

31. Defendant CITY then delayed the release of the report in attempt to hide and withhold evidence. PLAINTIFF was harmed by this act because she was unable to recover for her injuries. Defendant CITY finally released the police report on February 4, 2020.

32. Defendant CITY then allowed Defendant OFFICER 1 and Defendant OFFICER 2 to forward the fraudulently produce report to PLAINTIFF and her insurance company.

33. Defendant CITY does not provide police services in this manner to its white citizens and allowed it's officers not to follow multiple policies and procedures concerning police investigations, report writing and the administration of police services to all persons regardless of their race, color or national origin.

34. Defendant CITY's deliberate, malicious, and negligent acts based on PLAINTIFF's race violated her constitutional rights.

35. PLAINTIFF suffered tremendous emotional harm that could have been prevented if Defendant CITY hadn't allowed its officers to interfere with PLAINTIFF'S right to be treated equally under the law.

## FIRST CAUSE OF ACTION

## GENERAL NEGLIGENCE

**(By Plaintiff Against Defendant CITY and Defendant DRIVER)**

36. PLAINTIFF repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

37. Defendant DRIVER, who was driving a City of Antioch Police vehicle, negligently operated, maintained and/or controlled his vehicle by failing to give PLAINTIFF her right of way as she was legally proceeding through a traffic signal. This act by Defendant DRIVER caused CITY's vehicle to violently collide into the side of PLAINTIFF's vehicle at a high rate of speed, causing substantial damages and serious injuries to PLAINTIFF.

38. Plaintiff is informed and believe, and thereon alleges that at all times relevant herein Defendant DRIVER, who was driving Defendant CITY's vehicle was an agent, servant, employee and/or joint venturer of Defendant CITY, acting within the course and scope of his employment.

39. As a result, Defendant CITY, and DOES 1 through 20 are vicariously liable for the injuries to PLAINTIFF arising from Defendant DRIVER's negligent acts.

40. As a direct and proximate result of these acts of negligence, carelessness, and recklessness by Defendants, and each of them, and the resulting collisions as previously alleged, PLAINTIFF was injured in her health, strength, and activity, sustained injury to her body and shock and injury to her nervous system and persons, and sustained personal injuries, all of which had

1  caused and continues to cause PLAINTIFF great mental, physical, and nervous pain and
2  suffering. These injuries are all to PLAINTIFF'S general damages.

41. As a further direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, PLAINTIFF necessarily employed physicians for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to them. PLAINTIFF will seek leave of court to amend this Complaint when such damages are ascertained or will prove such damages at the time of trial.

## SECOND CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

**(By Plaintiff Against Defendant CITY and DOES 1 through 20)**

42. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1 through 40, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

43. Defendant DRIVER, who was driving Defendant CITY's vehicle was unfit and/or incompetent to perform the work for which he was hired to do, which included the operation of a motor vehicle.

44. Defendant CITY, in the exercise of reasonable care, knew or should have known that Defendant DRIVER, who was driving CITY"S vehicle was unfit and/or incompetent, and that this particular unfitness and/or incompetence created a particular risk of harm to others, including and particularly those upon the roadway, such as PLAINTIFF.

45. The negligent acts of Defendant DRIVER, who was driving CITY'S vehicle, in the operation, maintenance and/or control of his vehicle, resulting from his unfitness and/or incompetence, harmed PLAINTIFF.

46. Defendant CITY'S negligence in hiring, supervising and/or retaining Defendant DRIVER, who was driving CITY's vehicle, was a substantial factor in causing PLAINTIFF harm.

47. As a result, Defendant CITY is responsible for said harm to PLAINTIFF because Defendant CITY negligently hired, supervised and/or retained Defendant DRIVER.

## THIRD CAUSE OF ACTION

## NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE

### (By Plaintiffs Against Defendant CITY and DOES 1 through 20)

48. Plaintiffs repeats and re-allege each and all of the allegations contained in paragraphs 1 through 46, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

49. As herein alleged, Defendant DRIVER, who was driving CITY's vehicle, was negligent in the operation, maintenance and/or control of his vehicle by violently and forcefully colliding into the left side of PLAINTIFF'S vehicle, as Defendant DRIVER was not paying attention, failed to stop at a red traffic signal and traveling at unsafe speeds in violation of Cal. *Vehicle Code* § 22350 and § 214530(a).

50. At all times herein mentioned Defendant CITY was the registered owner of the vehicle operated by Defendant DRIVER.

51. At all times herein mentioned Defendant CITY knew, or in the exercise of reasonable care should have known, that Defendant DRIVER was incompetent and/or unfit to operate the vehicle entrusted to him.

52. Defendant CITY was therefore negligent as to permit Defendant DRIVER to operate the vehicle that collided into PLAINTIFF'S vehicle.

53. As a direct and proximate result of these acts of negligence, carelessness, and recklessness by Defendants, and each of them, and the resulting collisions as previously alleged, PLAINTIFF was injured in her health, strength, and activity, sustained injury to her body and shock and

injury to her nervous system and person, and sustained personal injuries, all of which had caused and continues to cause PLAINTIFF great mental, physical, and nervous pain and suffering. These injuries are all to PLAINTIFF'S general damages.

54. As a further direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, PLAINTIFF necessarily employed physicians for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to them. PLAINTIFF will seek leave of court to amend this Complaint when such damages are ascertained or will prove such damages at the time of trial.

## FOURTH CAUSE OF ACTION

**VIOLATION OF TITLE 42 USC § 1983, FOURTH AND FOURTEENTH AMMENDMENT**

**(Violation of Due Process)**

**(By Plaintiff Against All Defendants and DOES 1 through 20)**

55. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

56. Defendants' above described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendments to the United States Constitution. The Fourteenth Amendment guarantees PLAINTIFF to be free from governmental interference with her right to procedural due process that is fundamentally unfair. The Fourteenth Amendment guarantees PLAINTIFF to be free from governmental interference with her right to substantive due process, which includes egregious conduct by government agencies and persons acting under the color of the law.

57. PLAINTIFF was forced to endure great pain and suffering because of Defendant CITY'S, Defendant DRIVER, Defendant OFFICER 1 and Defendant OFFICER 2 and DOES 1-20 conduct.

58. All Defendants acted under color of law by interfering with PLAINTIFF'S right to have police services administered in a nondiscriminatory manner which lead to her inability to recover under insurance policies.

WHEREFORE, PLAINTIF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

## MONELL CLAIM 42 USC § 1983,

### (By Plaintiff Against Defendant CITY)

59. PLAINTIFF repeats and re-allege each and all of the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

60. Defendant City had a duty to adequately train supervise and discipline its officers in order to protect members of the public, including PLAINTIFF, from being harmed unnecessarily.

61. Defendant City was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein.

62. PLAINTIFF is informed and believes Defendant CITY has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the Police Department itself seems uninterested in complying with the state statues.

WHEREFORE, PLAINTIF prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;
2. For medical, hospital, and incidental expenses according to proof;

3. For loss of earnings and loss of earning capacity according to proof;

4. For reasonable attorney fees;

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.

DATED: April 29, 2021

By: _Jamir Davis_____

Jamir Davis Attorney for Plaintiff