JAMIR DAVIS, Esq. SBN 98401 (Pro Hac Vice)
**J. DAVIS LAW FIRM, PLLC**
106 Winging Way Unit C
Covington, KY 41011
Tele: 859-750-5033
jdavislawky@gmail.com

MICHAEL R. SEVILLE, Esq. SBN 278164
CURTIS L. BRIGGS, Esq. SBN 284190
**SEVILLE BRIGGS, LLP**
3330 Geary Blvd. 3rd Floor, East
San Francisco, CA 94118
Tele: 415-324-8733
michael@sevillebriggs.com
curtis@sevillebriggs.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARRIYANA BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; ROBERT JOSEPH GERBER, as an individual and in his official capacity; ERIC MCMANUS, as an individual and in his official capacity; JASON VANDERPOOL, as an individual and in his official capacity; and DOES 1 through 20, inclusive.<br><br>Defendants. | **Case No. 3:21-cv-00590-TSH**<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br><br>Complaint Filed: October 20, 2020<br>Trial Date: Not Set<br><br>The Honorable Judge Thomas S. Hixon Presiding |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………… 3

I.   INTRODUCTION AND SUMMARY ………………………………………… 5

II.  STATEMENT OF RELEVANT FACTS…………………………………….…… 5

III. ARGUMENT …………………………………………………………………... 7

    A.  Applicable Law Regarding a Motion to Dismiss………………………….. 7

    B.  Plaintiff's Claim in Cause of Action for General Negligence Sufficiently Alleges Facts to Support Claims that Defendant's Actions Violated Plaintiff's Rights and Caused Her Harm and this Court Should Deny Defendant's Motion ………………………………………………… ….. 8

    C.  Plaintiff's Claim of Negligent Hiring, Retention and Supervision in Cause of Action Two is Withdrawn……………………………………… 9

    D.  Plaintiff's Claim of *Monell* Liability under 42 U.S.C. §1983 in Causes of Action Four and Five Sufficiently Alleges Facts to Constitute Claims of Federal Statutory Violations of Plaintiff's Rights and this Court Should Deny Defendants Motion…………………………………………………… 10

IV.  CONCLUSION……………………………………………………………….. 12

//
//
//
//
//
//
//
//
//

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)……………………………………………………………… 7

*City of Canton v. Harris*
    489 U.S. 378 (1989)…………………………………………………………….. 10

*Erickson v. Pardus*
    551 U.S. 89 (2007)……………………………………………….…………… 7

*Flores v. City of Lakewood*
    2015 U.S. Dist. LEXIS 165202…………………………………………….. 12

*Hishon v. King & Spalding*
    467 U.S. 69 (1984)……………………………………………………….… 8

*Leer v. Murphy*
    844 F.2d 628 (9th Cir. 1988)……………………………………………… 10

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000)…………………………………….. …… 8

*Merritt v. County of Los Angeles*
    875 F.2d 765 (9th Cir. 1989)……………………………………………… 12

*Monell v. Dept. of Social Services of City of New York*
    436 U.S. 658 (1978)…………………………………………………….....10, 11

*Redman v. County of San Diego*
    942 F.2d 1435 (9th Cir. 1991)……………………………………………… 10

*Scheuer v. Rhodes*
    416 U.S. 232 (1974)………………………………………………...…… 7

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001)…………………………………………….. 7

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011)………………………………………... …… 7

*Walleri v. Federal Home Loan Bank of Seattle*
    83 F.3d 1575 (9th Cir. 1996)……………………………………………… 7

**Federal Statutes**
42 U.S.C. §1983 ……………………………………….. ……………………………… 5, 10, 11

**Federal Rules**
F.R.C.P. 12(b)(6)……………………………………………………….. ……………. 5

**California Government Code**
Section 815 …………………………………………………………… ……………. 8
Section 815.2 …………………………………………………………………………… 8, 9
Section 820 …………………………………………………………………………… 8, 9

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## I. INTRODUCTION AND SUMMARY

This complaint arises under 42 U.S.C. §1983, the Fourth and Fourteenth Amendment, municipal liability, and state tort violations alleging intentional acts and gross negligence by sworn police officers of Defendant City of Antioch in the horrific car collision caused by an officer resulting in physical injuries to Marriyanna Bryant ("PLAINTIFF") and the intentional and directed coverup of the accident that several other sworn police officers perpetrated in an effort to protect one of their own. Defendant City of Antioch ("CITY"), Defendant's Robert Gerber ("GERBER"), Eric McManus ("McMANUS"), and Jason Vanderpool ("VANDERPOOL"), and DOES 1-20 allowed an employee, known to be a reckless driver, operate a motor vehicle which collided with PLAINTIFF'S vehicle and then engaged in a coordinated effort to limit Defendant's liability for the accident, neglecting the rights of PLAINTIFF who suffered serious physical injuries and financial damage as a result of their actions. The evidentiary burden for prevailing against a Federal Rules of Civil Procedure Rule ("F.R.C.P") 12(b)6 motion for dismissal has been met and this Court should dismiss the Defendant's Motion.

PLAINTIFF seeks leave to amend this complaint should this court find that the allegations in the First Amended Complaint ("FAC") are insufficient in any way.

## II. STATEMENT OF RELEVANT FACTS

On or about October 7, 2019, PLAINTIFF was driving south on Auto Center Road in Antioch, CA and was at the intersection of Century Boulevard. See Dkt. 11 (FAC) at ¶14.

At the same time, GERBER was driving an unmarked CITY vehicle, which was either owned or controlled by his direct supervisor and was attempting to make a turn in the Eastbound lane on Century Boulevard. *Id.* at ¶15. As the traffic light turned yellow, PLAINTIFF lawfully and cautiously attempted to cross the intersection and, without warning, was struck by GERBER on the

right rear passenger side of her vehicle. *Id.* at ¶16. GERBER had been stopped at the traffic light, made a right-handed turn against the light, and misjudged his timing as he recklessly and carelessly accelerated to an unsafe speed and slammed into PLAINTIFF'S vehicle. *Id.* at ¶17.

GERBER, quickly recognizing the error of judgment and the damage he had created, decided to not follow protocol and began constructing a cover up to avoid liability and disciplinary actions. *Id.* at ¶18. GERBER purposefully did not call for dispatch but instead directly called his supervisor to the scene via his cell phone. *Id.* at ¶19. GERBER's supervisor was the only law enforcement officer to report to the scene. *Id.* at ¶20. This is not a common law enforcement practice, nor does it comport with proper field investigations of traffic collisions.

When the supervisor arrived, PLAINTIFF plainly heard him state, "What did you do this time?" and GERBER responded with a smile. *Id.* at ¶21. When an ambulance arrived at the scene, PLAINTFF heard one of the medical technician's state, "You again, what happened now?" directed at GERBER. *Id.* at ¶23.

PLAINTIFF was rushed to the hospital and was diagnosed with a broken clavicle bone, fractured ribs, back injuries, a neck injury and a hip injury as a direct and proximate case of GERBER's reckless and dangerous actions. *Id.* at ¶25.

McMANUS was assigned to investigate the collision but failed to properly investigate the incident in accordance with the CITY's policies, never contacted PLAINTIFF to question her about the accident, and then submitted a faulty and fraudulent police report which misstated facts, included a diagram of the collision which misrepresented what had occurred, and which ultimately placed PLAINTIFF at fault. *Id.* at ¶¶27, 29.

VANDERPOOL, and DOES 1-20, then approved the facially faulty report without, apparently, questioning GERBER or McMANUS, and never followed up with PLAINTIFF to seek

her accounting of the incident. *Id.* at ¶¶30, 31, 32.

PLAINTIFF believes, and alleges in the FAC, that white/Caucasian residents would not be confronted with nor be subjected to, such false, misleading and discriminatory behavior involving disregard for police practices and policies, fraudulent police reports written to protect one of their fellow officers, and the filing of such documents to insurance companies to damage an injured party. *Id*. at ¶33.

### III. ARGUMENT

#### A. Applicable Law Regarding a Motion to Dismiss

A Motion to Dismiss should be denied if the subject complaint contains factual allegations adequate to give defendants fair notice of the pending claims and enables them to defend themselves if the complaint's allegations, taken as true, plausibly suggest entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. 2011), *rehearing en banc denied,* 659 F.3d 850 (9th Cir. 2011). When ruling on a dismissal motion, the Court must accept as true all factual allegations in the complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must also draw inferences in favor of the plaintiff; the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *see also Walleri v. Federal Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* 556 U.S. at 677-78. "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988

(9th Cir. 2001).

Dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). The issue is whether the plaintiff is entitled to offer evidence to support the claims, not whether based on a complaint's allegation they will prevail as a matter of law. *Scheuer, supra* 416 U.S. at 236 (no quotations added). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. Plaintiff's Claim in Cause of Action One for General Negligence Sufficiently Alleges Facts to Support Claims that Defendant's Actions Violated Plaintiff's Rights and Caused her Harm and this Court Should Deny Defendant's Motion

Defendants Motion to Dismiss ("DMD") attempts to persuade the Court that the General Negligence claim offered in the FAC is insufficient. California Government Code §815 states, "[e]xcept as otherwise provided by statute: A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." Ca. Gov. Code § 815(a). However, the Code continues in Section 815.2 to state, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." CA. Gov. Code §815.2 In addition, Section 820 states, "[e]xcept as otherwise provided by statute… a public employee is liable for injury caused by his act or omission to the same extent as a private person." CA Gov. Code §820.

In the instant matter, PLAINTIFF was injured due to the intentional and/or negligent actions

of GERBER, when he recklessly drove through an intersection by mistiming a green light and slammed into PLAINTIFF'S vehicle. FAC at ¶¶ 16, 17.  This negligent act was done while he was on duty, driving a vehicle Plaintiff believes to be owned and maintained by CITY. *Id.* In addition, the FAC contains specific factual allegations that there was prior knowledge by GERBER's superior that he was a danger to the public. After GERBER failed to request assistance through normal protocols, his supervisor arrived and stated, "What did you do this time?" *Id*. at ¶21. This shows that both Negligence and Negligent Entrustment of a Motor Vehicle are viable Causes of Action as it shows that the CITY had knowledge of GERBER's propensity and likelihood of causing damage and injury.

These allegations are further supported by the response of the ambulance medical technicians who responded to the scene. Upon arriving and identifying GERBER as being involved in the collision, one technician stated, "You again, what happened now?" *Id.* at ¶23. This specific factual assertion further supports the allegation that the CITY is liable for the negligent actions of GERBER but also the subsequent actions of its officers, agents, and employees in ignoring the warning signs that were present, but also not investigating and thoroughly scrutinizing the police reports in the aftermath. *Id.* at 27-33.

PLAINTIFF respectfully requests the Court to grant leave to allow PLAINTIFF to specifically plead the General Negligence, Negligent Hiring and Supervision, and Negligent Entrustment of a Motor Vehicle claims under CA Government Codes Sections 815.2 and 820, as well as *Respondeat Superior* theories of liability.

### C. Plaintiff's Claims of Negligent Hiring, Retention and Supervision in Cause of Action Two is Withdrawn

//

//

**D. Plaintiff's Claim of *Monell* Liability under 42 U.S.C. §1983 in Causes of Action Four and Five Sufficiently Alleges Facts to Constitute Claims of Federal Statutory Violations of Plaintiff's Rights and this Court Should Deny Defendants Motion**

Defendant's arguments that PLAINTIFF's FAC fails to adequately plead facts to support the allegations are wrong and should be dismissed. PLAINTIFF has sufficiently alleged facts to state *Monell* claim against CITY by invoking both 'training' and 'custom or long-standing policy' consistent with the holdings in the landmark case. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). In order for a claim of municipal liability under Section 1983, the Plaintiff must allege sufficient facts to meet the prescribed analysis consisting of: "(1) that a person acting under the color of state law (2) committed an act that deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991), citing *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). In addition, "[a] local government entity's failure to train 'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989).

> "Local governing bodies, therefore, can be sued directly under §1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the §1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other §1983 "person", by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-making channels."
> *Monell*, 435 U.S. at pg. 690.

PLAINTIFF has met the burden under *Redman*, as the FAC contains specific factual allegations outlining how the actions of the officers acting under the color of state law deprived

PLAINTIFF of her constitution rights to due process based on her race. Defendants attempt to raise the evidentiary burden at this preliminary stage is misguided, as PLAINTIFF has not had the opportunity to engage in discovery and further develop the evidence and facts of the case to substantiate her valid claims.

In the FAC, PLAINTIFF plainly alleges that the officers were employees of CITY, and are thus acting under the color of law. FAC ¶7-10. Additionally, the FAC clearly alleges that the actions that the officers took were based on the race of PLAINTIFF (FAC ¶33), in clear violation of §1983 and violated her due process rights in having governmental investigations and decisions made without regard to a person's race or national origin.

Defendants assertions that the allegations in the FAC are conclusory regarding the *Monell* allegation (DMD pg. 15, ln 25-28) completely dismisses and ignores the alleged actions of the officers. PLAINTIFF clearly alleges that GERBER drove recklessly (FAC ¶16, 17), failed to follow protocol after discovering that PLAINTIFF was African-American, (*Id.* at ¶18), that MCMANUS failed to properly investigate the cause of the accident (*Id* at ¶27), produced an intentionally fraudulent police report (*Id*. at ¶29), and that VANDERPOOL reviewed and approved the report without questioning the clearly improper protocol's used and faulty reporting mechanisms (*Id.* at ¶30). The factual allegations are then used to substantiate the claims of deprivation of Constitutional rights under §1983. All of these actions by the officers, taken together, form a sufficient basis to claim *Monell* liability under the training and custom portions of the analysis as these are not random and singular instances of malfeasance. Rather, this shows a clear pattern and cognitive materialization of officer's obvious belief that their actions would not be investigated nor acted upon by the CITY because of the customs and practices that the officers have become accustomed to at the workplace. Thus, Defendant's citation to *Merritt* is unconvincing as this was not a singular

act but rather a series of actions by different officers conducted in furtherance of the deprivation of PLAINTIFF's rights. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

Lastly, Defendants argue that PLAINTIFF does not have a Constitutional right to an accurate police report. While there is case law supporting Defendant's position, as facially flawed as the progeny of cases create regarding state of legal protections for the citizens of this country, the DMD misses the continuance of the legal analysis for the cases cited. "An officer's falsification of a report only constitutes a due process violation when the alleged falsified reports lead to an unconstitutional deprivation of life, liberty and property." *Flores v. City of Lakewood*, 2015 U.S. Dist. LEXIS 165202 at *16-17. In this case, the filing of the fraudulent police report is shocking to the conscious, but it is the resulting harm to PLAINTIFF that is the deprivation of her rights. And the deprivation is not that of not getting insurance protection and compensation for her serious injuries caused by GERBER, but rather that she was denied a basic service and protection of unbiased police actions by CITY and it's by officers because of her race.

Thus, the allegations in PLAINTIFF'S FAC are not conclusory and adequately plead the causes of action and this Court should dismiss the DMD.

### IV. CONCLUSION

For these reasons the Motion to Dismiss should be denied. Alternatively, PLAINTIFF should be given leave to amend.

Dated: May 24, 2021                                                          SEVILLE BRIGGS, LLP

                                                                                                                                                    /s/ Michael Seville

                                                                                                                                                 Michael Seville, Esq.
                                                                                                                                                 Attorney for Plaintiff