LOUIS A. LEONE, ESQ. (SBN 099874)
BRIAN A. DUUS, ESQ.. (SBN 263403)
IOANA R. BURSON, ESQ. (SBN 209471)
**LEONE & ALBERTS**
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone:    (925) 974-8600
Facsimile:    (925) 974-8601
Emails:    bduus@leonealberts.com
              iburson@leonealberts.com

Attorneys for Defendants
CITY OF ANTIOCH, JOSEPH GERBER,
ERIC MCMANUS AND JASON VANDERPOOL

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARRIYANNA BRYANT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF ANTIOCH, a municipal corporation; ROBERT JOSEPH GERBER, as an individual and in his official capacity; ERIC MCMANUS, as an individual and in his official capacity; JASON VANDERPOOL, as an individual and in his official capacity; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | **Case No.: 3:21-cv-00590-TSH**<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Date:　　　June 27, 2021<br>Time:　　　1:30 p.m.<br>Courtroom:　G, 15th Floor<br><br>Complaint Filed: October 20, 2020<br>Trial Date:  Not Yet Set |

---

NOTICE OF MOTION AND MOTION TO DISMISS;　　　　　　　　　　　　　　　　3:21-CV-00590-TSH
MEMORANDUM OF POINTS & AUTHORITIES

**REPLY**

**I.     INTRODUCTION**

In opposition to Defendants' motion to dismiss her negligence-based claims, Plaintiff contends that she adequately stated a claim because she alleged that Officer Gerber drove recklessly through the intersection, while on duty, driving a City-owned vehicle and that the City knew that he was a danger to the public. As a result of his alleged negligence, Plaintiff claims that Officer Gerber caused the collision and injured her.  While such allegations may state a claim for common-law negligence, they do not suffice here because Defendants are a public entity and its employees, and as such there is no liability against them except as provided by statute.  Thus, the causes of action for General Negligence and Negligent Entrustment[1] should be dismissed for failure to identify the statutory basis for liability.

In opposition to Defendants' motion to dismiss the federal claims under 42 U.S.C. §1983, Plaintiff contends that she sufficiently identified a violation of her constitutional rights, namely, deprivation of police services in the aftermath of the incident. Plaintiff contends that Officer Gerber called his supervisor instead of following "protocol", that Officer McManus did not properly investigate the cause of the accident and produced a false police report, and that Officer Vanderpool reviewed and approved the report without questioning the alleged improper "protocol."  Plaintiff contends that these actions were done because of her African American race and that the officers provide different services to Caucasian citizens.

Plaintiff ignores the fact that one of the Officers is of the same race as she is, and shifted her focus away from allegations that the Defendants deprived her of her right to collect under an insurance policy to a deprivation of police services.  Even with the shift in focus, her claim that she was deprived of a federal right to have unbiased police assistance does not save the day. It is well-established that there is no right to police services, or even "adequate" police services. Cal. Gov. Code §845.  Further, the officers' actions investigating the aftermath of the collision are entirely discretionary acts and thus, Plaintiff's federal claims are barred by discretionary immunity under Gov. Code §820.2.  *See e.g. Hen v. City of Los Angeles*, 244 Fed. Appx. 794,

---

[1] Plaintiff has abandoned her claim for Negligent Hiring, Training and Supervision.

795 (9th Cir. 2007); see also *Alston v. Cty. of Sacramento*, 2019 U.S. Dist. LEXIS 20348, *9-10 (E.D. Cal. 2019) (Plaintiff cannot assert a Section 1983 claim based on inadequate police services because Gov. Code §845 bars the claim).

Lastly, Plaintiff's *Monell* Claim must also be dismissed because it is not pled with particularity and fails to meet the threshold under the "training and custom" test. In opposition to the motion, Plaintiff contends that allegations that (1) Officer Gerber drove recklessly and failed to follow "protocol" and (2) Officer McManus failed to properly investigate the collision and issued a "fraudulent police report", which report was approved by Officer Vanderpool describe a "clear pattern" or "custom and practice" by the City of Antioch. (Opp., at p. 11) Why? Because Plaintiff says so.

Simply saying so does not make it so. The FAC alleges one single instance of misconduct and no facts to describe either the alleged "protocol" that Plaintiff claims was violated, or any unconstitutional policy or custom in place at the Antioch Police Department, which custom or policy was followed by the officers causing a deprivation of federal rights. Beyond bare bone conclusory allegations, there is nothing in the FAC to sustain a *Monell* claim.

## II.  ARGUMENT

**A. Plaintiff's General Negligence and Negligent Entrustment of a Motor Vehicle Causes of Action Fail Because There is No Statutory Authority Identified by the Plaintiff for those Claims.**

In opposition to Defendants' motion, Plaintiff alleges that she sufficiently plead her general negligence and negligent entrustment claims against the City and the officers, a public entity and its employees by alleging that Officer Gerber negligently drove the City vehicle which caused the collision and that the City was aware of his unfitness or reckless driving, but nonetheless allowed him to drive the vehicle. (Opposition, at p. 9.)

These allegations, even if true, merely state a claim for common-law negligence, which is not sufficient because the Defendants are a public entity and its employees. In these circumstances, Plaintiff must identify the statutory basis for the claims to withstand dismissal. Gov. Code § 815; *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 785 fn. 2 (1985); *Eastburn*

3

*v. Reg'l Fire Prot. Auth.* (2003) 31 Cal. 4th 1175, 1183 (holding that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care"); CEB, California Government Tort Liability Practice (4th ed.) § 8.50 ("plaintiff's counsel must specifically identify the grounds for statutory liability against a public entity, including citing the statute"); *Hood v. Hacienda La Puente Unified School District,* 65 Cal.App.4th 435, 439 (1998).

Although in her Opposition, Plaintiff discusses Government Code §§815.2 and 820, these provisions are not identified in Plaintiff's complaint. Under California law, all government tort liability is dependent on the existence of an authorizing statute and that statute must be identified in the pleadings. Gov. Code, § 815; *Lopez v. S. Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 785 n.2 (1985); *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal.App.3d 792, 802 (1986); see also CEB, California Government Tort Liability Practice (4th ed.) § 8.50.

Accordingly, the Court should dismiss the negligence claims and if leave to amend is granted, Plaintiff should be required to specifically identify the statutory grounds for liability. See *Reinhardt v. Santa Clara Cnty.*, 2006 U.S. Dist. LEXIS 14626, at *10 (N.D. Cal. 2006.)

**B.     Plaintiff's Federal Claims Are Barred by Governmental Immunities Under California Government Code §§820.2 and 845.**

In opposition to Defendant's Motion to Dismiss, Plaintiff argues that the underlying federal right that she was deprived of is not the loss of insurance benefits but the right to have "basic service and protection of unbiased police officers." (Opp. at p. 12.) Plaintiff cites to no federal legal authority holding that she can maintain a 42 USC §1983 where the underlying federal violation alleged is a deprivation of police services.  To maintain a case under 42 U.S.C. §1983, a plaintiff must meet the threshold requirement and show that she has been deprived of a right "'secured by the Constitution and laws.' If there has been no such deprivation, the state of mind of the defendant is wholly immaterial." *Baker v. McCollan*, 443 U.S. 137 (1979).  There is no federal right under the Constitution or the laws of the United States to have police services, or even adequate police services.

Federal cases discussing questions of inadequate police services decided the issue based

on state law and held that such claims are barred by the governmental immunities prescribed under Gov. Code §§820.2 (discretionary acts) and 845 (no right to police services). *See e.g. Hen v. City of Los Angeles*, 244 Fed. Appx. 794, 795 (9th Cir. 2007); see also *Alston v. Cty. of Sacramento*, 2019 U.S. Dist. LEXIS 20348, *9-10 (E.D. Cal. 2019) (Plaintiff cannot assert a Section 1983 claim based on inadequate police services because Gov. Code §845 bars the claim).

In *Alston*, Plaintiff brought 1983 claims and a *Monell* claim against officers of the Sacramento Police Department and Sacramento County arising out of his arrest for alleged breach by the officers of their duty to enforce the law. The Court held that Plaintiff's §1983 claims based on an allegation that defendant officer "'breached his duty to enforce the law' does not approach a constitutional violation and the complaint does not state a §1983 claim against the defendant. See Cal. Gov. Code § 845 ("Neither a public entity nor a public employee is liable for failure to . . . provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service.")." 2019 U.S. Dist. LEXIS 20348 at *9-10.

  1. <u>Discretionary Immunity Under Gov. Code §820.2</u>

The gravamen of the FAC is that the manner in which the officers investigated the collision was inadequate and motivated by race discrimination. Plaintiff alleges that Officer Gerber called his supervisor instead of calling dispatch, Officer McManus did not properly investigated the collision and prepared a police report with false information and that Officer Vanderpool approved the report without investigating any further. In other words, the alleged negligent or intentional acts by the officers are their decision regarding (1) reporting the accident; (2) speaking with witnesses; (3) preparing the traffic collision report; (4) approving the report by a supervisor; and (5) releasing the police report.

These acts, if true, are acts that were performed in the officers' discretion while investigating the collision. Thus, there is a direct causal connection between the exercise of the discretion and Plaintiff's alleged injury, rendering the Defendants immune from liability under Government Code §820.2.  See also, *Hen*, supra, 244 Fed. Appx. at 795; *Bratt v. City and County of San Francisco*, 50 Cal. App. 3d 550, 552 (1975).

2. <u>Immunity Under Gov. Code §845 For Failure To Provide Adequate Police Services</u>

Plaintiff's argument that she was rendered sub-par police assistance because of her race fares no better. It is well established that there is no "right" to have police services or even "adequate" police services. Gov. Code. §845. Indeed, in California, public entities and their employees are immune from paying money damages for the alleged lack of, or inadequate police services.

Government Code § 845 specifically provides: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service." Gov. Code §845. This governmental immunity applies with equal force in cases involving allegations of denial of civil rights. *Gates v. Superior Court*, 32 Cal. App. 4th 481, 503-504 (1995). Indeed, in *Gates*, the Court held that the fact that the action involved allegations that defendant police officers had violated plaintiffs' rights under Civ. Code, §§51.7 (right to be free from violence) and 52 (denial of civil rights), by the discriminatory deployment of police officers during a riot, was a discrimination case did not take it outside the ambit of Gov. Code §845. *Gates*, 32 Cal. App. 4th at 503-504.

Such result is consistent with the legislative intent behind the Government Tort Claims Act. The California Supreme Court's noted in that regard that "the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *Brown* v. *Poway Unified School Dist*. (1993) 4 Cal. 4th 820, 829; accord, *Williams* v. *Horvath* (1976) 16 Cal. 3d 834, 838; *Chester* v. *State of California* (1994) 21 Cal. App. 4th 1002, 1008, fn. 10; *City of Los Angeles* v. *Superior Court* (1993) 14 Cal. App. 4th 621, 627; *Fisher* v. *Pickens* (1990) 225 Cal. App. 3d 708, 715-716; *McCauley* v. *City of San Diego* (1987) 190 Cal. App. 3d 981, 991; *Shields* v. *County of San Diego* (1984) 155 Cal. App. 3d 103, 113; *Longfellow* v. *County of San Luis Obispo* (1983) 144 Cal. App. 3d 379, 385; *Keyes* v. *Santa Clara Valley Water Dist*. (1982) 128 Cal. App. 3d 882, 886; *Harland* v. *State of California* (1979) 99 Cal. App. 3d 839, 845-846; *Galli* v. *State of*

*California* (1979) 98 Cal. App. 3d 662, 674-675. As noted above, federal decisions involving 1983 claims in the context of police actions, have held that the governmental immunities under the Government Tort Claim Act bars such claims. *Hen*, supra, 244 Fed. Appx. at 795; *Alston, supra,* 2019 U.S. Dist. LEXIS 20348 at *9-10.

Accordingly, Plaintiff's claim that she was deprived of the right to have police services rendered to her, or that the services rendered were inadequate, is not an adequate basis to support a Section 1983 or a *Monell* claim and as such, Plaintiff's Section 1983 claims are barred under Gov. Code §§820.2 and 845. *Alston,* 2019 U.S. Dist. LEXIS 20348 at *9-10.

C.  **Plaintiff Has Failed To Allege Specific Facts To State a Cause of Action For *Monell* Liability**

Plaintiff's *Monell* claim should also be dismissed as it fails to state specific facts giving rise to liability against the Defendants. It is well-established that particularity in pleading against a public entity is paramount - when asserting a claim against a public entity, the allegations must be ***specific*** and "every fact material to the existence of its statutory liability must be pleaded with particularity." *Hood v. Hacienda La Puente Unified School District,* 65 Cal.App.4th 435, 439 (1998).

In opposition to Defendants' motion to dismiss, Plaintiff contends that her allegations that (1) Officer Gerber drove carelessly and did not follow "protocol", (2) Officer McManus did not investigate the incident and produced a fraudulent report and (3) Officer Vanderpool approved the report without investigating further are sufficient to allege a *Monell* claim under the "training and custom" analysis as "these are not random and singular instances of malfeasance." (Opp. at p. 11.) Plaintiff's contention is puzzling – these allegations describe a single incident and not multiple instances of misconduct to amount to a pattern of behavior or a "policy" or "custom" within the department that the officers followed. Saying that the City or the Police Department failed to train employees or had a "practice" of not training officers is not alleging ***facts*** but simply a conclusory statement reciting the elements of the cause of action. There are no factual allegations describing either a policy, or a custom that was adopted by the City or the Police Department, which policy was unconstitutional and was followed by the individual

officers.

A complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Plaintiff argues that her pleading is sufficient and she should not be required to meet the "evidentiary" burden at this stage because discovery has not been exchanged. Courts, however, have already rejected this argument. *Roy v. Contra Costa County*, No. 15-cv-02672, 2016 U.S. Dist. LEXIS 1285, at *11 (N.D. Cal. Jan. 5, 2016), aff'd, 694 Fed. Appx. 536 (9th Cir. 2017). Specifically, in *Roy*, the Court acknowledged that ***although there may be an "inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court***." *Roy*, 2016 U.S. Dist. LEXIS 1285, at *11. (Emphasis added.)

Likewise, in *Alston*, supra, 2019 U.S. Dist. LEXIS 20348, *7 the Court dismissed plaintiff's *Monell* Claim against the County of Sacramento noting that "[a]side from conclusory allegations, ***there are no detailed allegations of any county policy, practice, or custom resulting in constitutional injury to plaintiff***.  Similarly, here, beyond barebones conclusory allegations that Defendants failed to follow "protocol" in their investigation of the collision there is nothing to describe a "policy, practice or custom resulting in constitutional injury to Plaintiff." Id. Thus, plaintiff fails to state a § 1983 claim against the County of Sacramento." Id., at *7. (Emphasis added.)

The case of *Young v. City of Visalia*, 687 F.Supp.2d 1141, 1153 (E.D. Cal. 2009), cited in Defendants' opening memorandum is directly on point. In *Young*, just like here, "Plaintiffs … alleged inadequate training and/or supervision. There [were] no facts alleged that show Visalia's training reflects a policy or custom or how the training is inadequate." *Young*, 687 F. Supp. 2d 1141, 1146.  The Court specifically held that to state a claim against a city under Section 1983,

the plaintiff must identify an actual policy or custom, explain why the policy or custom violates the constitution, and how the policy or custom harmed the plaintiff. *Id.*  To that end, the Court reasoned:

> In the case at bar, the relevant allegation in the Complaint is Paragraph 19. The Court reads Paragraph 19 as attempting to allege liability based on inadequate training and hiring practices. Paragraph 19, however, merely makes "threadbare" conclusions that track the elements for Monell liability. Cf. Iqbal, 129 S.Ct. at 1949-50. **The complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm**. [Citations]. Although Paragraph 19's allegation that Plaintiffs' constitutional injuries were "foreseeable and substantially certain to occur," which is an allegation of deliberate indifference, see City of Canton, 489 U.S. at 390, without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct. Cf. Lee, 250 F.3d at 682. Because the Complaint contains insufficient facts that plausibly indicate a valid Monell claim, dismissal is appropriate. See Iqbal, 129 S.Ct. at 1949-50; Twombly, 550 U.S. at 555; cf. Lee, 250 F.3d at 682."

*Young*, 687 F. Supp. 2d at 1149-1150 (Emphasis added.)

Here, as in *Young*, Plaintiff recited the elements for *Monell* liability without identifying facts about the alleged faulty or inadequate training practices of the City, without describing what that training entailed, or how the City's practice or custom were deficient. Plaintiff has not described in any fashion whatsoever what should have been the appropriate "protocol" but only claims in a conclusory fashion that the officers did not follow "protocol" because she was African American. This is a conclusion, not a fact. Without any facts, Plaintiff's allegations are nothing but conclusory statements tracking the elements for *Monell* liability, and as such do not plausibly indicate a *Monell* violation. *Alston*, 2019 U.S. Dist. LEXIS 20348 at *9-10.

### IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed and leave to amend should not be granted as to Plaintiff's Fourth and Fifth Causes of Action as the defects identified above, i.e. the lack of an underlying federal rights

violation, cannot be cured under any alternative set of facts or circumstances.

Dated: May 28, 2021                                        **LEONE & ALBERTS**

                                                /s/ Ioana R. Burson
                                                IOANA R. BURSON, ESQ.
                                                Attorney for Defendants